(No. 1992—

HARRY T. HULSE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

JOHN P. PALLISSARD, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Harry T. Hulse, claimant in the above styled cause was injured August 20, 1931, while employed as a maintenance patrolman for the Division of Highways, Department of Public Works and Buildings of the State of Illinois, injuring his left leg and foot.

On September 30, 1932 his claim was filed seeking an award for $4,768.00, under the Workmen's Compensation Act. The Attorney General filed a motion to dismiss on the grounds that the complaint showed on its face that more than

one year had elapsed from the time of the injury to the filing of the claim. At the May term, 1934, the court having considered said motion delivered an opinion sustaining the motion of the Attorney General, and dismissed the case for want of jurisdiction.

The claimant filed a petition for rehearing which was denied by the court at the September term, 1934. On the 1st day of November 1934, an amendment to the complaint was filed seeking an award of $2,066.72, for unpaid salary alleged to be due claimant from the time of the injury to the 26th day of January 1933.

On the 24th day of January 1939, evidence was taken on behalf of claimant at the Attorney General's office in Springfield in support of said amended complaint, and on the 18th day of January 1940, statement, brief and argument of claimant was filed in this court. There is nothing filed on behalf of the respondent to be found in this record either a statement, brief and argument or a motion to dismiss. The court will consider the record as it finds it.

The evidence shows that after the claimant was injured he notified the Division of Highways of his injury. He received full salary for the remainder of August 1931, and was paid for the first thirteen days of September, 1931, amounting to the sum of $41.67, for unproductive time.

A letter signed by Fred Tarrant, the Engineer of Maintenance in said Division of Highways, dated November 7, 1933, and made a part of the record contained the following sentence: "He was then removed from the payroll, and did not perform any work from August 20th and did not receive any further directions or instructions from this department concerning activities on maintenance section (315)".

The evidence further shows that he did receive several mimeographed circular letters from the Department, but he testified that he performed no manual labor for the respondent subsequent to August 20th, 1931, the day he was injured.

His testimony further shows that George C. Anderson, who he identified as his first assistant took over the responsibility of maintenance patrolman, employing helpers, making out daily reports, but from time to time came to the home of claimant and discussed with him the activities on said section, and the proposed work to be done such as removing snow from the highway in the winter and cutting the weeds

in the summer time. Claimant further testified that he wrote several letters to the Division of Highways addressing them to Mr. M. J. Fleming, District Engineer, asking about his pay, but that he had received no answers to them; that on January 24, 1933, he received a letter from Mr. Fleming addressed to Maintenance Patrolman announcing that the salary of patrolman would be reduced on February 1st, 1933, from $125.00 to $100.00 a month. He further testified he received a letter from the Chief Highway Engineer dated January 26, 1933, which instructed him to turn over the equipment he had to Mr. Anderson. This letter is in evidence and marked claimant's exhibit ''A.''

Webster defines employee as ''one who works for another.''

This court is convinced that the filing of this claim for back salary after his claim for compensation had been dismissed, for lack of jurisdiction, was an after thought on the part of the claimant. It is shown by the evidence that claimant performed no services whatever for the respondent after the date of his injury. We construe the stopping of claimant's salary in September 1931 a sufficient notice to this appointee that his services were terminated and he was discharged.

This court is without jurisdiction to grant this award for unproductive time, claimed under the amended complaint.

An award is denied and complaint is dismissed.